# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARY KOMER,**

    **Plaintiff,**

v.                                                            Case No. 8:18-cv-2148-T-30AEP

**CORIZON HEALTH, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 4) and Plaintiff's Response (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because Plaintiff's claims were timely filed and allege sufficient facts to withstand a Rule 12(b)(6) challenge.

## BACKGROUND

Plaintiff Mary Komer is a former employee of Defendant Corizon Health, Inc. Plaintiff filed this action on or about July 31, 2018, in state court. Plaintiff's complaint alleges discrimination and retaliation under the Florida Civil Rights Act ("FCRA") based on a perceived disability (Counts I and II, respectively) and interference and retaliation under the Family Medical Leave Act ("FMLA") (Counts III and IV, respectively) (Dkt. 2). On August 28, 2018, Defendant removed the action to this Court based on federal question jurisdiction—the FMLA claims.

Plaintiff's complaint avers that her supervisor discriminated and retaliated against her when he learned that she needed to take FMLA intermittent leave. She claims that he perceived her as disabled and would change her work duties and work schedule directly after she would take FMLA leave. Plaintiff states that she complained to Defendant's Human Resources Department ("HR") on numerous occasions about her supervisor's illegal behavior but HR failed to discipline him. Plaintiff alleges that, on or about October 9, 2015, Defendant discharged her under the "pretext of too many corrective actions," which were the same illegal corrective actions her supervisor had taken against her in response to her intermittent FMLA leave.

Defendant moves to dismiss the entirety of Plaintiff's complaint. Defendant first argues that the statute of limitations bars all of the claims. Defendant next argues that, even if the claims are not barred, they are insufficiently pled under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual

allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Legal conclusions, though, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

**I.    The Statute of Limitations Does Not Bar the FCRA Claims**

Defendant argues that the FCRA claims should have been filed "no later than 1 year after the determination of reasonable cause by the commission." (Dkt. 4) (citing Fla. Stat. § 760.11(5)). Defendant claims that Plaintiff's dual-filed Charge of Discrimination was dismissed on or about December 15, 2016. The dismissal was not based on a reasonable cause determination or a finding of no reasonable cause. Defendant believes that, when this type of dismissal occurs, the Court applies a one year limitation period, which is the same period that applies when the Florida commission has made a reasonable cause determination.

Plaintiff's response argues that the Florida Supreme Court has "squarely addressed" this issue and has held that when the Florida Commission on Human Relations ("FCHR") fails to make a reasonable or no reasonable cause determination, a four year statute of limitations from the last discriminatory event applies. *See Joshua v. City of Gainesville*, 768 So. 2d 432 (Fla. 2000) (stating "we hold that the statute of limitations for causes of action based on statutory liability, §95.11(3)(f), applies to situations where the Commission has not made a reasonable cause determination within 180 days"); *see also Voodham v. Blue Cross and Blue Shield of Florida*, 849 So. 2d 891 (Fla. 2002) (recognizing and reaffirming its ruling in *Joshua*); *Ross v. Jim Adams Ford, Inc.*, 891 So. 2d 312 (Fla. 2d DCA 2004) (recognizing that a four year statute of limitations applies to claims under the FCRA that the FCHR failed to make a reasonable cause determination within 180 days).

Based on a review of these cases, the Court agrees that the FCRA claims are not barred. Accordingly, Defendant's motion to dismiss is denied on this issue.[1]

## II.   The Statute of Limitations Does Not Bar the FMLA Claims

Defendant contends that the FMLA claims should have been filed within two years. Plaintiff counters that she alleged willful conduct on the part of Defendant, which extends the statute of limitations to three years. The Court agrees that Plaintiff adequately alleges that Defendant's conduct was willful. Plaintiff claims that her supervisor openly criticized her choice to take intermittent FMLA leave. Not only did he criticize this choice, he

---

[1] Because neither party provided the Court with a copy of the FCHR dismissal, the Court assumes that Plaintiff's response is accurate to the extent that she contends that there was no determination made within 180 days. Notably, Plaintiff's complaint alleges that she exhausted her administrative remedies because "[o]ver 180 days have passed since filing" with the FCHR. (Dkt. 2 at ¶39).

retaliated against her immediately after she would take FMLA leave by writing her up for missing work and changing her work schedule.

Plaintiff alleges that she complained to HR about her supervisor's illegal behavior but Defendant ignored her complaints. For example, Plaintiff avers that Defendant's HR and FMLA Compliance Officer concluded that her supervisor was interfering with Plaintiff's FMLA rights and then recommended that Defendant discharge her supervisor. Defendant refused to discharge her supervisor despite this recommendation. Plaintiff was subsequently fired based on the corrective write-ups that her supervisor gave her for the missed time. These allegations sufficiently plead willful behavior. Accordingly, Defendant's motion is denied with respect to this issue.

### III. Plaintiff's Claims Are Sufficiently Pled

Defendant also argues that the claims fail to allege sufficient facts under Fed. R. Civ. P. 12(b)(6). The Court disagrees. Defendant's argument about the disability claims misses the mark because it focuses on whether Plaintiff alleged an actual disability and neglects to acknowledge (other than briefly in a footnote) that the FCRA protects employees who are "perceived" or regarded as being disabled. The complaint alleges that Plaintiff's supervisor perceived her as being disabled and discriminated against her based on this perception.

Defendant's argument about the FMLA interference claim similarly fails. At this juncture, Plaintiff adequately alleges a claim that is plausible on its face. Accordingly, Defendant's motion to dismiss premised on Rule 12(b)(6) is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 4) is denied.

2. Defendant shall file an answer within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 20, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record